**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JAMES CLAUSELL, | : | |
| | : | Civil Action No. 04-3857(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LYDELL B. SHERRER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCE:**

    JAMES CLAUSELL, Petitioner Pro Se
    Prison #203604 SBI #233324B
    Riverfront State Prison
    P.O. Box 9104
    Camden, New Jersey 08101

    ROBERT D. BERNARDI, BURLINGTON COUNTY PROSECUTOR
    JENNIFER L. BENTZEL, ESQ., ASSISTANT PROSECUTOR
    BURLINGTON COUNTY PROSECUTOR'S OFFICE
    New Courts Facility
    49 Rancocas Road
    Mount Holly, New Jersey 08060
    Counsel for Respondents

    ANNE MILGRAM, N.J. ATTORNEY GENERAL
    ATTN: PAUL H. HEINZEL, DAG, Chief, Appellate Bureau
    OFFICE OF THE ATTORNEY GENERAL
    Department of Law and Public Safety
    Division of Criminal Justice
    P.O. Box 086
    Trenton, New Jersey 08625-0086

**HILLMAN, District Judge**

    THIS MATTER is before the Court on Petitioner's motion for a temporary restraining order (Docket entry nos. 22, 23), and on this Court's own Order to Show Cause, entered on April 28, 2009

(Docket entry no. 26). For the reasons set forth below, this Court will deny Petitioner's motion, and will not hold Respondents in contempt.

**BACKGROUND**

A. Procedural History

Petitioner, James Clausell ("Clausell"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which petition was denied by this Court on or about September 29, 2006. Subsequently, this matter was closed by the Clerk of the Court and Petitioner filed an appeal. On or about June 27, 2007, and after this case had been closed for about nine months, Clausell filed a motion in this Court seeking a temporary restraining order and preliminary injunction. (Docket entry no. 22). The motion asks for the return of Clausell's word processor that had been confiscated by prison officials at South Woods State Prison, where Clausell was then incarcerated. Clausell complains that, without a word processor, he is unable to access legal files and materials necessary for his appeal from denial of habeas relief.

On September 26, 2008, this Court issued an Order (Docket entry no. 24) directing that this case be re-opened for the purpose of determining jurisdiction over Clausell's motion. The Order further directed the Respondents to file a response to Clausell's motion within twenty (20) days from the entry of the Order. After no response was forthcoming from Respondents,

despite several phone calls from Chambers' staff to Respondents' counsel's office inquiring as to the status for counsel's response, this Court issued an Order to Show Cause, on April 28, 2009, directing that the Respondents file a response to Clausell's motion, and to further show cause why Respondents should not be held in contempt for not answering this Court's September 26, 2008 Order.

A response was received from the Respondents on May 20, 2009. (Docket entry nos. 27, 28 and 29). The motion was set for June 15, 2009, to be decided on the papers. On June 8, this Court received Clausell's reply to Respondents. (Docket entry no. 30).

B. Factual Background

Clausell alleges that, on or about August 17, 2006, while his habeas petition was pending before this Court, his word processor was damaged during a massive search conducted at New Jersey State Prison. Clausell submitted a property damage claim to the New Jersey Department of Corrections on August 21, 2006. Several months later, in October 2006, the Administrator of the New Jersey State Prison sent out a memo stating that all inmate property had to be consolidated into five storage containers. Due to the voluminous record of Clausell's state court proceedings and discovery materials, which included his first trial in 1986 and his second trial in 1995, Clausell began

transferring certain legal materials onto diskettes compatible with his word processor.

On May 18, 2007, while Clausell's federal habeas petition was pending on appeal before the United States Court of Appeals for the Third Circuit,[1] Clausell was transferred from the New Jersey State Prison to the South Woods State Prison. On June 16, 2007, Clausell received his property and was then informed that his word processor had been confiscated and removed from the prison because the "display" was broken. Clausell contested the confiscation, claiming that the display had been damaged during the August 2006 search at New Jersey State Prison, and that while it was damaged, it nevertheless functioned for the purpose of accessing his legal files on diskettes. Clausell also complained that he needed his word processor to access his legal files while his appeal was pending before the Third Circuit. He further argued that the word processor was the subject of a property damage claim that still had to be investigated and settled.

On June 22, 2007, the Third Circuit granted a Certificate of Appealability and appointed counsel for Clausell on his appeal. On June 27, 2007, not having any success with respect to his administrative remedies, Clausell filed a motion for a temporary restraining order with this Court in his habeas proceeding. The

---

[1] The docket report in this matter shows that Clausell had filed a Notice of Appeal to the Third Circuit on or about October 26, 2006. (Docket entry no. 15).

motion sought the return of Clausell's word processor that had been confiscated by South Woods State Prison officials after his transfer in May 2007.  On July 6, 2007, Clausell wrote to his appointed counsel concerning his appeal.  On July 27, 2007, Clausell's appointed counsel asked petitioner about the documents mentioned in the Objections to the Answer to the Writ filed in district court, which stated that the State did not include all documents in the state court record.  However, Clausell claims that he could not adequately assist his counsel because he did not have access to his legal files on his diskettes.

In September 2007, Clausell reached out to family and friends to assist him in purchasing a new word processor.  A new word processor was purchased in October 2007, but it could not read the diskettes.  Accordingly, Clausell continued to pursue his administrative remedies with the NJDOC Central Office.  On November 27, 2007, he received a letter from the Director of the Division of Operations informing him that his claim had been forwarded to Administrator Balicki at South Woods State Prison.

On April 30, 2008, Clausell was transferred to River Front State Prison.  He continued to try to access his legal materials on his diskettes without success.  He even asked Kenneth Rozov, Executive Assistant at River Front State Prison for help, and was advised to have his disks converted to be read on the new word processor Clausell had purchased.  In December 2008, Clausell

contacted a merchant in this regard and was told that his disks could not be read on any later model.

On January 27, 2009, Clausell's appointed counsel filed an appeal in the Third Circuit without the assistance of Clausell's legal files. Clausell further admits that in March 2009, his family and friends contributed to the purchase of another word processor that could read the diskettes. Clausell complains that the confiscation of his word processor hindered his legal access to the courts, and his ability to assist his counsel on appeal. It also caused Clausell to expend over $1,500.00 in costs.

## II.  DISCUSSION

A.  Jurisdiction

Generally, once a timely notice of appeal is filed, jurisdiction is conferred on the Court of Appeals and is no longer vested in the district court. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Accordingly, the district court would not have jurisdiction to entertain motions filed by an appellant on aspects of the case involved in the appeal while it is pending. This rule prevents "the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985). There are, however, exceptions to this general rule. For example, during the pendency of an appeal, the district court may review applications for attorney's fees, grant or modify injunctive

relief, issue orders regarding the record on appeal, and vacate a bail bond and order arrest.  <u>Venen</u>, 758 F.2d at 120 n. 2.

Here, in response to this Court's Order to Show Cause, the Respondents argue that, although Clausell's motion is characterized as a motion for preliminary injunction or temporary restraining order, the motion does not actually seek to enjoin or restrain any parties regarding their actions in the appeal pending before the Third Circuit.  Instead, Respondents contend that Clausell is simply asking this Court to compel the return of his word processor.  Moreover, Respondents allege that Clausell has raised this issue before the Third Circuit.

This Court finds that it does have jurisdiction to review Clausell's motion.  Respondents take a very narrow view as to what constitutes injunctive relief in this instance.  Here, Clausell seeks to compel the return of his word processor so that he can effectively participate in the prosecution of his appeal. Without access to his legal files, Clausell is restrained from actively participating in his appeal, and likewise, his ability to cooperate with his assigned counsel is restricted.

The Court also rejects Respondents' contention that Clausell has raised this issue before the Third Circuit.  The issue cited by Respondents pertains to Clausell's argument for a certificate of appealability in which he noted that he was unable to file a reply to the State's answer in the habeas action before the District Court denied habeas relief.  Clausell alleged that he

had been confined in detention without access to his legal materials.  Thus, the issues are not the same, since in this motion, Clausell alleges he is being restrained from participating in his appeal because he does not have his word processor to read his diskettes that contain his legal materials.

Nevertheless, while this Court finds that it has jurisdiction over petitioner's motion for injunctive relief, there is no longer any basis to grant such relief.  In his reply in support of his motion (Docket entry no. 30), filed on June 8, 2009, Clausell states that he has obtained a word processor from friends and family, which can read his diskettes.  This word processor was received in March 2009.  Additionally, his appointed counsel has filed his appeal on January 27, 2009, and counsel certainly may be able to obtain any portions of the state court record that Clausell was unable to access from his diskettes.  Therefore, the injunctive relief sought is now moot and Clausell's motion will be denied accordingly.

To the extent that Clausell raises a claim that the confiscation of his word processor hindered his legal access to the courts and cost him over $1,500.00 to replace his word processor, such claim is more appropriately raised in a separate civil rights action under 42 U.S.C. § 1983, for recovery of damages incurred from the alleged violation of his constitutional right to access to the courts.

B.  <u>Contempt Issue</u>

This Court's April 28, 2009 Order to Show Cause also directed Respondents to show cause why they should not be held in contempt for failure to respond to the earlier September 26, 2008 Order as directed.  In a responding affidavit (Docket entry no. 28-2), Respondents' counsel, Jennifer B. Paszkiewicz (a.k.a. Jennifer L. Bentzel), Assistant Prosecutor with the Burlington County Prosecutor's Office, informed the Court that both her predecessor and the assistant prosecutor who handled the state court PCR proceedings and the federal habeas action, are no longer with the Burlington County Prosecutor's Office.  In particular, the State's prior counsel of record in this action, Carol Lee Tang, Esq. had left the Burlington County Prosecutor's Office in 2005.  However, no change in the attorney of record was ever made by the Burlington County Prosecutor's Office.

Consequently, Ms. Tang remained counsel of record on the docket in this habeas matter, and all electronic filing notices and mail were sent to her attention at the Burlington County Prosecutor's Office by the Clerk's Office.  The Court observes that Ms. Tang was the counsel of record on September 29, 2006, when the habeas petition was denied, as well as when the Notice of Appeal was filed on October 26, 2006, almost a year after Ms. Tang had left the Burlington County Prosecutor's Office.

To say that Respondents were remiss in not informing the Court of a change in counsel, is an understatement.  Local Civil

Rule 10.1(a) requires that "[counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within five days of being apprised of such change by filing a notice of said change with the Clerk."  Failure to do so may result in the imposition of sanctions.  Here, Respondents' counsel disregarded their obligation to inform this Court as to a change in counsel for more than three years; all the while there were court notices and orders being mailed to Ms. Tang's attention that apparently fell into a black hole at the Burlington County Prosecutor's Office.  Indeed, no effort was made to inform this Court that Ms. Tang had left until April 2009, long after it was clear that the habeas matter was pending on appeal since October 2006, and that there was activity in the District Court pursuant to petitioner's motion for injunctive relief.  The fact that counsel's office admits that they even failed internally to route correspondence and court orders in this action to the appropriate attorney after Ms. Tang had departed almost three years ago suggests a flippant disregard and a lack of respect for court rules and professionalism.

Under these circumstances, the Court would be inclined to impose sanctions.  However, it also is clear from her affidavit that Ms. Bentzel has endeavored since learning of this problem in April 2009, to enter an appearance and file a response as quickly as possible.

In April 2009, after several telephone calls from court personnel to Ms. Bentzel concerning a response to Clausell's motion, it does appear that Ms. Bentzel diligently sought to have the matter handled by someone in the Burlington County Prosecutor's Office.  After she learned that the only attorney other than herself admitted to the United States District Court for the District of New Jersey had a conflict with handling this matter, Ms. Bentzel realized that she would have to handle this matter, but she had to first register for electronic filing access and PACER access, which took several weeks to accomplish.  Consequently, it is apparent to this Court that Ms. Bentzel took the necessary steps since early April 2009, when she first learned about this matter, to respond to the Court.  Ms. Bentzel also clearly conveyed to this Court her embarrassment and personal inexperience with the e-filing system sufficient to demonstrate that she did not intend any disrespect to the Court or petitioner in the resulting delay in this matter.

Therefore, the Court will not impose sanctions against Respondents' counsel for their failure to respond to this Court's first Order, issued on September 26, 2008, concerning petitioner's motion for injunctive relief.  It is the hope of this Court that its reprimand herein will be sufficient punishment for counsels' dilatory and inept handling of this matter.  The Court will direct that a copy of this Opinion and Order will be served on both the Burlington County Prosecutor and

11

the Attorney General of New Jersey so that those offices my undertake whatever steps are necessary to insure that attorneys representing the State of New Jersey in federal matters comply with this Court's local rules.

## **CONCLUSION**

For the foregoing reasons, this Court will deny petitioner's motion for injunctive relief as moot since he has obtained a word processor to read his diskettes.  Further, the Court will not impose sanctions against Respondents at this time.

 _/s/ NOEL L. HILLMAN_
NOEL L. HILLMAN
United States District Judge

Date: June 19, 2009
At Camden, New Jersey